```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 1-25-2023       │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

      -against-                                   21-cr-701 (LAK)

FABRICE TONTISABO,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

                                    Camille L. Fletcher
                                    Assistant United States Attorney
                                    DAMIAN WILLIAMS
                                    UNITED STATES ATTORNEY

                                    Conor McNamara
                                    LAW OFFICES OF ROBERT TSIGLER, PLLC
                                    *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the motion of defendant Fabrice Tontisabo ("Defendant") to suppress evidence obtained from searches of the Snapchat[1] account "Fabricewilliams" and certain identification evidence (Dkt 21). For the reasons set forth below, Defendant's motion is denied.

---

[1]     Snapchat is a multimedia instant messaging app and service developed by Snap Inc.

2

*Background*

This case arises from an investigation conducted by Homeland Security Investigations ("HSI") into the abuse of minors in the custody of the New York City Administration for Child Services ("ACS").  That investigation led to the Defendant being identified as a person who allegedly had provided cash, alcohol, and marijuana to a minor ("Minor Victim-1") in exchange for sex.  Once the Defendant was identified, HSI conducted a criminal history check, which showed that Defendant had been arrested and charged by the State of New York with engaging in similar conduct with another minor ("Minor Victim-2").  HSI investigated the allegations relating to Minor Victim-2 and found them credible after a review of the New York Police Department's ("NYPD's") and district attorney's case file and other information.  Subsequently, the Defendant was charged here with two counts of enticing a minor victim to engage in illegal sexual activity[2] for his alleged conduct relating to Minor Victim-1 and Minor Victim-2.

I.      *The Search Warrant*

On March 31, 2021, a magistrate judge issued a search warrant directed to Snap Inc. (the "Snapchat Warrant") authorizing a search of the Snapchat account "Fabricewilliams" (the "Snapchat Account").  The Snapchat Warrant specified the following subject offenses: Title 18, United States Code, Sections 1591 (sex trafficking of minors), 1594 (conspiracy to sexually traffic minors), and 2422 (enticement, or attempted enticement, of a minor to engage in illegal sexual activity).  It detailed the specific types of evidence that would constitute evidence, fruits, or instrumentalities of those offenses, which law enforcement personnel were authorized to seek and

---

[2]      18 U.S.C. § 2422(b).

seize.  The Snapchat Warrant sought data from the Snapchat Account for the period from October 1, 2020 to the date of the order, March 31, 2021.

The Snapchat Warrant was supported by a detailed affidavit (the "Snapchat Affidavit"), which set forth multiple bases to conclude that the Snapchat Account had been used in connection with the subject offenses.[3]  Specifically, the Snapchat Affidavit summarized information provided by three victims regarding their experiences with "Fabrice Williams."  This information was corroborated by a review of Snapchat communications between one of the victims and the Snapchat Account, as well as a photo identification of the Defendant as the person with whom another of the victims ("Minor Victim-2") had had sexual intercourse.[4]

## II.    Motion to Suppress

On May 31, 2022, Defendant filed this motion to suppress evidence derived from the searches of the Snapchat Account.  He argues that the warrant (1) sought overly broad categories of information, (2) sought information from an overly broad time frame, and (3) did not provide probable cause to believe that Defendant had communicated with his alleged victims using his cellphone.[5]  Defendant did not submit an affidavit in support of his motion to suppress.  Rather,

---

[3]

Dkt 22-1 (hereinafter, the "Snapchat Affidavit").

[4]

In April 2020, after a call with law enforcement officers describing her sexual encounters with the Defendant, Minor Victim-2 sent a photograph of the Defendant to the officers, identifying him as the person with whom she had sexual intercourse (the "April 2020 Identification").  Dkt 46, at 4–5.  Then, following Defendant's arrest by NYPD in May 2020, a law enforcement officer sent a photograph of the Defendant to Minor Victim-2.  Id.  Minor Victim-2 confirmed that the man in this photograph – the Defendant – was the man with whom she had sexual intercourse (the "May 2020 Identification").  Id.

[5]

Dkt 23, at 3.

Defendant's attorney submitted an affirmation and a memorandum of law asserting that the "Fabricewilliams" Snapchat Account belongs to Defendant.[6]  Yet neither document is based on personal knowledge of that fact.

On January 8, 2023, the government opposed Defendant's motion to suppress on the merits without addressing whether Defendant had standing.  As set forth below, Defendant has not established standing to bring the motion and it is therefore denied.  Alternatively, the motion would be denied on the merits even if Defendant had standing.

## Discussion

I.     *Defendant Has Not Established Standing to Bring the Motion to Suppress*

Defendant's motion to suppress fails on a threshold issue:  He has not established that he has standing to challenge the searches and seizures at issue.

"Fourth Amendment rights are personal rights that may not be asserted vicariously."[7]  In order to challenge a search or seizure, therefore, a defendant "bears the burden of proving . . . that he had a legitimate expectation of privacy" in the account searched or seized.[8]  More specifically, "a defendant must submit an affidavit from someone with personal knowledge demonstrating

---

6

See Dkt 21-1, at ¶ 8 ("It was a complete search and seizure of all Snapchat activity in the defendant's account."); *id.* at ¶ 16 ("Mr. Tontisabo respectfully requests that this Court [. . .] suppress all evidence obtained by law enforcement authorities as the result of the illegal search and seizure of his Snapchat account[.]"); Dkt 23, at 9 ("The warrant in question generated multiple pages of content stored by Snap, Inc., on [Defendant's] Snapchat account showing IP addresses, images, and 'chats' with many unrelated individuals.").

7

*Rakas v. Illinois*, 439 U.S. 128, 133 (1978).

8

*United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005) (internal quotation marks omitted).

5

sufficient facts to show that he had a legally cognizable privacy interest" in the property searched or seized.[9]

Here, Defendant himself did not submit an affidavit claiming ownership of or any cognizable interest in the Snapchat Account. Rather, Defendant's attorney submitted an affirmation and a memorandum of law asserting that the Snapchat Account belonged to Defendant.[10] The attorney's affidavit and the unsworn assertions in the memorandum are inadequate because they are not based on personal knowledge.[11] While the government points to certain evidence linking Defendant to the Snapchat Account, such allegations are not sufficient in the standing analysis.[12] In all the circumstances, Defendant has failed to establish that he has Fourth Amendment interests in the Snapchat Account. His motion therefore is denied.

## II. Defendant's Motion Fails on the Merits

Even if Defendant had standing, the Court would deny his motion on the merits.

---

[9]
>   *United States v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Aulicino*, 44 F.3d 1102 (2d Cir. 1995); *accord, e.g.*, *United States v. Dupigny*, No. S1 18-CR-528 (JMF), 2019 U.S. Dist. LEXIS 90715, at *9 (S.D.N.Y. May 30, 2019) (defendant lacked standing to challenge a search because he did not file an affidavit).

[10]
>   *See supra* note 6.

[11]
>   *See, e.g.*, *Dupigny*, 2019 U.S. Dist. LEXIS 90715, at *8 (citing *United States v. White*, No. 17-cr-611 (RWS), 2018 WL 4103490, at *8 (S.D.N.Y. Aug. 28, 2018))).

[12]
>   *See Watson*, 404 F.3d at 166; *White*, 2018 WL 4103490, at *8 ("This Circuit has routinely rejected efforts by defendants to establish Fourth Amendment standing based on the Government's allegations or evidence."); *United States v. Pizarro*, No. 17-cr-151 (AJN), 2018 WL 1737236, at *7 (S.D.N.Y. Apr. 10, 2018) ("The anticipated argument by the Government at trial that some of the phone numbers belonged to the Defendants does not lend them standing.").

6

Defendant's arguments regarding overbreadth, probable cause, and particularity are baseless. In any case, the search at issue fell within the "good faith" exception. Moreover, Minor Victim-2's identification of the Defendant is independently reliable and, therefore, a *Wade* hearing is unnecessary.

### A.  Alleged Overbreadth of the Search Warrant

Defendant claims that the Snapchat Warrant was overbroad because it sought information that was "entirely unrelated to the investigation" and "there was no reliable information derived from the joint investigation" that would give rise to sex trafficking charges that in turn would justify the information sought.[13] He argues also that the Snapchat Warrant was overbroad because it did not limit its seizure to "suspected calls or texts with the alleged victims."[14]

The Snapchat Warrant was not overbroad.  In *United States v. Galpin*, the Court of Appeals held that a search warrant "is defective if it is broader than can be justified by the probable cause upon which the warrant is based."[15]  In the context of an electronic device or account, "[c]ourts in this Circuit . . . have uniformly held that law enforcement need not rely upon an email host company or any other private party to sift through emails to determine what is relevant and that it may obtain a warrant to request all emails from an account."[16]  Indeed, it is "well-established" that

---

[13]  Dkt 23, at 6–7.

[14]  *Id.* at 7.

[15]  720 F.3d 436, 446 (2d Cir. 2013).

[16]  *United States v. Ray*, 541 F. Supp. 3d 355, 399 (S.D.N.Y. 2021) (collecting cases).

a search warrant "can properly permit the Government to obtain access to electronic information for purposes of a search even where the probable cause showing does not apply to the entirety of the electronic information that is disclosed to the Government."[17]

Here, Defendant claims that the Snapchat Warrant was overbroad because it sought certain categories of information, such as "[a]ll messages sent to or from, stored in draft form in, or otherwise associated with the Subject Account," in order to search for evidence of the subject offenses. Yet the warrant makes clear that the government sought to obtain these categories of documents in order to review them for evidence of the subject offenses, intending to seize only information that was evidence of the crime.[18] In this regard, the search sought pursuant to the Snapchat Warrant was entirely proper and was of a type routinely upheld by courts in this district.[19]

### B.   The Snapchat Warrant Was Supported by Probable Cause

Defendant argues summarily that the government "failed to provide probable cause to believe that the information sought would be found on the cellphone associated with the

---

[17]   In the Matter of a Warrant for All Content & Other Info. Associated with the Email Acct. xxxxxxx gmail.com Maintained at Premises Controlled By Google, Inc. ("In re Google Warrant"), 33 F. Supp. 3d 386, 393 (S.D.N.Y. 2014), as amended (Aug. 7, 2014).

[18]   Snapchat Affidavit, at 10–11.

[19]   See, e.g., United States v. Ulbricht, No. 14-cr-68 (KBF), 2014 WL 5090039, at *14 (S.D.N.Y. Oct. 10, 2014), aff'd, 858 F.3d 71 (2d Cir. 2017) ("It has long been perfectly appropriate to search the entirety of a premises or object as to which a warrant has issued based on probable cause, for specific evidence as enumerated in the warrant, which is then to be seized. . . . This case simply involves the digital equivalent of seizing the entirety of a car to search for weapons located within it, where the probable cause for the search is based on a possible weapons offense."); In re Google Warrant, 33 F. Supp. 3d at 394 (courts routinely "uph[o]ld the Government's ability to obtain the entire contents of [an] email account to determine which particular emails come within the search warrant").

account."[20]  This argument is baseless.

In the context of a search warrant, it is well-established that "probable cause is a flexible, common-sense standard."[21]  The "task of the issuing magistrate is simply to make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."[22]  With respect to a motion to suppress by a defendant, a warrant issued by a neutral and detached judicial officer is "entitled to substantial deference, and 'doubts should be resolved in favor of upholding the warrant.'"[23]

Defendant argues without explanation that the Snapchat Warrant was not supported by probable cause.  Yet the record establishes ample probable cause for the warrant, even without regard to the substantial deference owed to the issuing magistrate. The Snapchat Affidavit contained detailed evidence that the Defendant had committed the offenses under investigation and that the Snapchat Account contained evidence of those offenses.   Accordingly, Defendant's argument is without merit.

---

[20]
    Dkt 23, at 6.

[21]
    *Texas v. Brown*, 460 U.S. 730, 742 (1983).

[22]
    *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

[23]
    *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quoting *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983)); *see also United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993) ("A reviewing court must accord substantial deference to the finding of an issuing judicial officer that probable cause exists. . . .  The reviewing court's determination should be limited to whether the issuing judicial officer had a substantial basis for the finding of probable cause." (citations omitted)).

C.      *The Snapchat Warrant Was Sufficiently Particular*

Defendant argues also that the Snapchat Warrant was not sufficiently particular because it authorized the search and seizure of "expansive categories of often generic items subject to seizure—several of a catch-all variety . . . without linking them to suspected criminal activity or any meaningful content-based parameter or other limiting principle."[24]  This argument is baseless and contrary to well-established law.

"To be sufficiently particular under the Fourth Amendment, a warrant must satisfy three requirements."[25]  It must (i) "'identify the specific offense for which the police have established probable cause,'" (ii) "'describe the place to be searched,'" and (iii) "'specify the items to be seized by their relation to designated crimes.'"[26]

The Snapchat Warrant clearly satisfies these criteria and was sufficiently particular to "enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize."[27]  The Snapchat Warrant identified the specific offenses for which probable cause existed, described the electronic data to be searched, and listed specific categories that would constitute evidence, fruits, and instrumentalities of the subject offenses.  Thus, Defendant's particularity argument fails.[28]

---

[24]
      Dkt 23, at 6.

[25]
      *Ulbricht*, 858 F.3d at 99.

[26]
      *Id.* (quoting *Galpin*, 720 F.3d at 445–46.

[27]
      *United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992).

[28]
      In any event, I find that the agents acted in good faith when executing the Snapchat Warrant and their reliance on the warrant was objectively reasonable.  *See United States v. Singh*, 390

10

> D.  *Minor Victim-2's April 2020 Identification and In-Court Identification Are Independently Reliable*

Defendant argues that Minor Victim-2's identification of the Defendant was obtained through impermissibly suggestive procedures and therefore that the identification should be suppressed. Moreover, Defendant requests a *Wade* hearing to determine whether Minor Victim-2 should be permitted to identify the Defendant at trial.

Eyewitness identifications should be excluded only where "improper police conduct" occurred that was "so unnecessarily suggestive as to give rise to a very substantial likelihood of irreparable misidentification."[29] Otherwise, the "[d]raconian sanction" of exclusion may not be considered, and the reliability of the identification evidence is for the jury to weigh.[30]

Federal courts follow a two-step analysis in ruling on the admissibility of identification evidence.[31] First, the defendant must show that the identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law."[32] Second, even if an identification procedure is unduly suggestive, identification evidence will not be suppressed if the court finds that the identification nevertheless

---

F.3d 168, 183 (2d Cir. 2004). Accordingly, the good faith exception to the exclusionary rule applies here. *See id.*

[29] *Perry v. New Hampshire*, 565 U.S. 228, 238 (2012).

[30] *Id.* at 239.

[31] *Id.* at 238–40; *Brisco v. Ercole*, 565 F.3d 80, 88 (2d Cir. 2009).

[32] *United States v. DiTommaso*, 817 F.2d 201, 213 (2d Cir. 1987).

11

is "independently reliable" in the totality of the circumstances.[33]

There is no basis to suppress Minor Victim-2's April 2020 Identification, nor is there a basis to preclude Minor Victim-2 from identifying the Defendant in the courtroom, as Minor Victim-2's identification of the Defendant is independently reliable.[34]   In April 2020, Minor Victim-2 sent law enforcement officers a photograph of the Defendant and identified him as the man with whom she had sexual intercourse prior to any possible suggestive or conducive conduct by the officers. Minor Victim-2 never has wavered from her initial identification of the Defendant, and she spent significant time with the Defendant on several days over a one-month period.   Given the independent reliability of Minor Victim-2's identification of the Defendant, Defendant's motion to suppress the April 2020 Identification is denied.   Defendant's motion for a *Wade* hearing likewise is denied.


### E.      A Hearing Is Unnecessary

"A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant establishes a contested issue of material fact."[35]   If the moving papers do not create a genuine dispute as to any material fact, the court can decide the matter on the factual record

---

[33]   *Brisco*, 565 F.3d at 89.

[34]   The government does not intend to introduce the May 2020 Identification at trial and therefore the issue is not addressed as moot.

[35]   *United States v. Noble*, No. 07-cr-284 (RJS), 2008 WL 140966, at *1 (S.D.N.Y. Jan. 11, 2008) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)).

12

established by the papers.[36]

Here, there are no material facts in dispute regarding the events in question and there is no need for live witness testimony.  Accordingly, Defendant is not entitled to an evidentiary hearing.[37]

*Conclusion*

The Court has considered all arguments raised in Defendant's motion papers and any arguments not addressed herein are rejected as moot or premature.  Defendant's motion to suppress (Dkt 21) is denied.

SO ORDERED.

Dated:        January 25, 2023

Lewis A. Kaplan
United States District Judge

---

[36]  *See United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992).

[37]  Dkt 23, at 15.